FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 06, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCOTT ALAN NAISH,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No.2:17-CV-00031-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 15, 19. Attorney Dana C. Madsen represents Scott Alan Naish (Plaintiff); Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income (SSI) on July 29, 2015, Tr. 72, and an application for Disability Insurance Benefits (DIB) on

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

May 22, 2015, Tr. 60. In the applications, Plaintiff alleged disability since June 8, 2015, Tr. 171, 178, due to psychotic disorder, social anxiety, and fibromyalgia, Tr. 196. The applications were denied initially and upon reconsideration. Tr. 114-17, 120-25. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on September 7, 2016 and heard testimony from Plaintiff, psychological expert, Donna Mary Veraldi, Ph.D., and vocational expert, K. Diane Kramer. Tr. 29-59. The ALJ issued an unfavorable decision on October 14, 2016. Tr. 14-23. The Appeals Council denied review on November 25, 2016. Tr. 1-6. The ALJ's October 14, 2016 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 23, 2017. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 43 years old at the alleged date of onset provided on his application. Tr. 178. He completed an associates in paralegal studies in March of 2005. Tr. 197, 296. His reported work history includes the jobs of gas station attendant/manager, auditor, customer care representative, production worker, coder, and administrative assistant. Tr. 198, 207, 229. He alleged that a psychotic disorder, social anxiety disorder, and fibromyalgia limited his ability to work. Tr. 196. Plaintiff reported that he stopped working on June 8, 2015 due to his conditions and because the work was seasonal. *Id*.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d

1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant

cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On October 14, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 22, 2015.[1] Tr. 16.

At step two, the ALJ determined Plaintiff had the following severe impairments: depressive disorder; generalized anxiety disorder; psychosis, not otherwise specified; and unspecified personality disorder. Tr. 16.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a full range of work at all exertional levels with the following nonexertional limitations:

> The claimant is able to understand, remember, and carry out simple, routine, and repetitive tasks and instructions. He cannot interact with the general public. He can have brief and superficial interaction with coworkers and supervisors defined as non-cooperative and non-tandem tasks. The claimant can work in small groups, but not large group settings.

---

[1]The ALJ states that Plaintiff's alleged onset date was May 22, 2015. Tr. 14. However, upon application, Plaintiff alleged an onset date of June 8, 2015. Tr. 171, 178. Upon remand, the ALJ shall accurately define Plaintiff's alleged date of onset and provide an explanation if a date different from that provided on Plaintiff's application is relied upon.

Tr. 19. The ALJ identified Plaintiff's past relevant work as administrative clerk, manager auto service station, date entry clerk, telephone solicitor, security guard, and assembler production. Tr. 22. The ALJ concluded that Plaintiff was able to perform the past relevant work as a production assembler. *Id*. She did not make a step five determination and found that Plaintiff had not been under a disability from May 22, 2015 through the date of the decision. *Id*.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly address Plaintiff's symptoms statements and (2) failing to properly weigh the medical source opinions.

## DISCUSSION

### 1. Plaintiff's Symptom Statements

Plaintiff contests the ALJ's determination that his symptom statements were not entirely consistent with the evidence in the record. ECF No. 15 at 9-13.

It is generally the province of the ALJ to make determinations regarding the credibility of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Trevizo v. Berryhill*, 871 F.3d 664, 678-79 (9th Cir. 2017). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medial

evidence and other evidence in the record. Tr. 20. The ALJ followed this determination with an explanation as to why Plaintiff's activities demonstrated abilities consistent with the residual functional capacity determination. *Id*. The ALJ did not state how Plaintiff's reported activities undermined Plaintiff's statements about his symptoms and limitations. Despite this, both Plaintiff and Defendant present arguments premised on the assumption that the ALJ found Plaintiff's symptom statements unsupported due to their inconsistency with Plaintiff's reported activities. ECF No. 15 at 9-13; 19 at 5-10.

A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his other testimony, or (2) "the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005)).

While an inconsistency between Plaintiff's symptom statements and reported activities is certainly implied by the ALJ, the ALJ failed to discuss Plaintiff's reported psychological symptoms with any specificity. The ALJ summarized Plaintiff's alleged psychological symptoms and their alleged resulting limitations in three sentences: "The claimant is in counseling because he does not like being around people. He said hallucinations affect his ability to work. He is able to take short bus rides." Tr. 20. Then, the ALJ found that Plaintiff's activities "show social interaction consistent with finding the claimant cannot interact with the general public, but he can have brief and superficial interaction with coworkers and supervisors defined as non-cooperative and non-tandem tasks and he can work in small groups, but no large group settings." *Id*.

Nowhere did the ALJ actually make a finding of inconsistency or that Plaintiff's activities were transferable to a work setting as required in *Orn*. The ALJ's implication that an inconsistency exists is insufficient to support her decision as it is unclear how going to Starbucks, attending classes for the Department of Vocational Rehabilitation, going to a comic and game store, or attending Child Protective Services classes is inconsistent with what the ALJ presented as Plaintiff's testimony regarding psychological limitations: "The claimant is in counseling because he does not like being around people. He said hallucinations affect his ability to work. He is able to take short bus rides." Tr. 20.

As such, the ALJ failed to provide specific, clear and convincing reasons to disregard Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms. This case is remanded for the ALJ to fully address Plaintiff's symptom statements in accord with S.S.R. 16-3p and the Court's standard of specific, clear and convincing in *Smolen* and *Trevizo*.

## 2. Medical Opinions

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinion expressed by examining psychologist, John F. Arnold, Ph.D. ECF No. 15 at 14-17.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn*, 495 F.3d at 631. Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons,

and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Dr. Arnold examined Plaintiff on July 6, 2015 and conducted a clinical interview and a mental status examination. Tr. 296-300. He then completed a Psychological/Psychiatric Evaluation form. *Id*. He opined that Plaintiff had a severe limitation in his ability to complete a normal work day and work week without interruptions from psychologically based symptoms and a marked limitation in three additional areas of basic work activity. Tr. 298. The ALJ gave "little weight" to Dr. Arnold's opinion for three reasons: (1) it was based on a one-time evaluation; (2) it was presented on a check-box form with very little support for the opined limitations; and (3) the limitations were not consistent with Plaintiff's level of social functioning and concentration, persistence, and pace. Tr. 21. The parties agree that the specific and legitimate standard is appropriate in regards to Dr. Arnold's opinion. ECF No. 15 at 15, 19 at 11.

First, the fact that Dr. Arnold only examined Plaintiff once speaks to his role as an examining provider, and not a treating provider. *Lester*, 81 F.3d at 830. While this may be a factor to consider when weighing the opinion, 20 C.F.R. §§ 404.1527(a), 416.927(a), it does not meet the specific and legitimate standard to support rejecting the opinion, as the ALJ has done here.

Second, the fact that an opinion is expressed on a check-box form can be a legally sufficient reason to reject a provider's opinion. *See Murray v. Heckler*, 722

F.2d 499, 501 (9th Cir. 1983) (expressing a preference for individualized medical opinions over check-box reports). However, check-box forms that do not stand alone, but are supported by records should be "entitled to weight that an otherwise unsupported and unexplained check-box form would not merit." *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014). Here, there are not hundreds of pages of treatment records in support of Dr. Arnold's check-box form as there was in *Garrison*, however, there is a mental status examination and a clinical interview. Tr. 296-300. Considering this, the ALJ's conclusion that the check-box form had "very little support for the limitations," Tr. 21, with nothing more is not sufficient to support the ALJ's ultimate rejection of Dr. Arnold's opinion. The ALJ's failure to discern how the limitations were not supported was an error.

Third, the ALJ's conclusion that the opined limitations were not consistent with the record showing Plaintiff's level of social functioning and concentration, persistence, and pace as summarized in the discussion of Plaintiff's symptom statements is not sufficient. The ALJ finds the opinion inconsistent with his activities without any explanation. The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22. Here, the ALJ was required to make a finding that a specific limitation was inconsistent with a specific activity shown in the record. Failure to provide such specifics constitutes an error.

Therefore, upon remand, the ALJ will readdress the medical opinions in the record, specifically addressing Dr. Arnold's July 2015 opinion.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings,

or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. At the hearing, Plaintiff's attorney stated that there were outstanding records from Frontier Behavioral Health that were not available to Dr. Veraldi at the time of her opinion. Tr. 31-32. These records were associated with the file following the hearing, but prior to the ALJ's determination. Tr. 28. Considering this and the unresolved issues surrounding to the frequency and details of Plaintiff's reported activities, including his vocational classes, trips to the comic store, and trips to Starbucks as argued by Plaintiff, ECF No. 15 at 10-11, further proceedings are necessary for the ALJ to properly develop testimony to address Plaintiff's symptom statements and to properly address the medical opinions in the file. The ALJ will supplement the record with any outstanding evidence and call upon a psychological expert and a vocational expert to testify at any remand proceedings. Additionally, the ALJ will correctly identify Plaintiff's alleged date of onset.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED March 6, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE